UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 10-cr-00106-01 |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| JESUS SALAZAR HERNANDEZ<br>a/k/a Juan Manuel Payan-Hernandez | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION
*[Rec. Doc. 33]*

Pending before this court is Jesus Salazar Hernandez's motion, brought pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. [Rec. Doc. 33]. The matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this court. The respondent was served and has filed an answer as well as a memorandum in response to the motion. [Rec. Doc. 40]. The undersigned has also elicited additional information from the petitioner's former counsel who has filed an affidavit into the record. [Rec. Doc. 46].   For the following reasons, it is recommended that the motion be denied.

**Factual Background and Procedural History:**

Jesus Salazar Hernandez, a/k/a Juan Manuel Payan-Hernandez is a citizen and national of Mexico.  In October, 2008, he was arrested in Vermillion Parish in

the Western District of Louisiana after having been previously removed from the United States. [Rec. Doc. 1]. On April 10, 2010, Hernandez was indicted for Illegal Reentry of Removed Alien, in violation of 8 U.S.C. §1326(a). At the time of his arraignment on April 29, 2010, Hernandez waived his right to a detention hearing, and an Order of Detention was issued, noting that he was "incarcerated on a state felony conviction and is being held on an ICE detainer." [Rec. Doc. 13].

On May 6, 2010 the government filed a Notice of Sentencing Enhancement pursuant to 8 U.S.C. §1326(b)(2). [Rec. Doc. 19]. The sentencing enhancement was based on Hernandez's conviction on July 29, 1992 for "Possession of a Controlled Substance for Sale", a felony under Section 11351 of the Health and Safety Code of the State of California. Hernandez was convicted under the name Jose Martinez, a/k/a Juan Manuel Gycho. He was sentenced to two years imprisonment. [Rec. Doc. 19]. Count One (1) of the current indictment carried a maximum penalty of two (2) years pursuant to 8 § U.S.C. 1326(a)(2). The sentence enhancement provided for a maximum penalty of up to twenty (20) years imprisonment. 8 U.S.C. §§1101(a)(43) and 1326(b)(2).

A change of plea hearing was set for June 16, 2010, at which Hernandez pled guilty to Count 1 of the indictment. [Rec. Doc. 21]. He signed the plea agreement, which included his Affidavit of Understanding of Maximum Penalty and Constitutional Rights, acknowledging that he was advised and personally

addressed by the Court regarding the charge against him, that he understood the charge and that he had been addressed by the Court regarding the maximum possible penalty he faced, including the statutory maximum penalty of a term of imprisonment of not more than twenty (20) years if the court found that his removal was subsequent to a conviction for an aggravated felony. [Rec. Doc. 22-1 p. 1].

As part of the plea agreement, Hernandez stipulated to his immigration history:

1) On or about 01/12/1996: ordered removed by an Immigration Judge to Mexico.
2) On or about 01/12/1996: removed via Nogales, AZ to Mexico. Defendant was removed under the name JUAN MANUEL PAYAN-HERNANDEZ.
3) On or about 09/08/1999: removed via Nogales, AZ to Mexico. Defendant was removed under the name JUAN MANUEL PAYAN-HERNANDEZ.
4) On or about 08/90/2004: removed via Nogales, AZ to Mexico. Defendant was removed under the name JUAN MANUEL PAYAN-HERNANDEZ, a/k/a JESUS SALAZAR-HERNANDEZ.

[Rec. Doc. 22-2].

Hernandez also stipulated that his criminal history included the following California conviction:

> One or about 07/29/1992, in the Superior Court of California, County of San Joaquin, Branch of Stockton, the defendant SALAZAR HERNANDEZ, was convicted of: Possession of a Controlled Substance for Sale, in violation of Section 11351 of the Health and Safety Code, State of California, Case Number SF56411A, under the name JOSE MARTINEZ, a/k/a JUAN MANUAEL GYCHO. The

      defendant, SALAZAR HERNANDEZ, was sentenced to two (2) years imprisonment.
[Rec. Doc. 22-2].

The evidence in the record of the plea proceeding also contains the record from the state of California in which it is clearly indicated that Hernandez pled guilty to possession of cocaine base for sale, a felony under California law that is also defined as an "aggravated felony" under 8 U.S.C. §1101(43)(B). [Rec. Doc. 22-3] (Sealed).

In the colloquy with the Court, with assistance from an interpreter, Hernandez confirmed his understanding of the statutory penalty and the sentence enhancement provision, and the Court confirmed that the plea agreement and maximum penalty provisions had been read to Hernandez by an interpreter and discussed with him by his appointed counsel, who confirmed to the Court that her client understood the maximum penalty provisions. Hernandez also gave that confirmation verbally. [Change of Plea Hrg.Tr., pp. 17-19].

Prior to sentencing, the government and the defense accepted the pre-sentence report [PSR], without objection or alteration. [Rec. Doc. 41, p. 4]. Hernandez had a base offense level of eight (8), received a sixteen (16) level enhancement for the prior felony conviction, and a three (3) level reduction for acceptance of responsibility resulting in an offense level of twenty-one (21). With a criminal history category of II, the guideline range was forty-one (41) to

fifty-one (51) months. [Rec. Doc. 41 p. 10]. At sentencing, defense counsel argued for a guideline sentence, with credit for time served. [Rec. Doc. 41 p. 6-7]. Hernandez also briefly addressed the court before sentencing and voiced no objection to the PSR. [Rec. Doc. 41 pp. 8-10].

The Court sentenced Hernandez within the guideline range to fifty-one (51) months imprisonment, with credit for time served, to be followed by three (3) years of supervised release. [Rec. Doc. 41 p. 10, 13]. The supervised release was to be suspended upon the defendant's deportation, however, it was to be reinstated if Hernandez re-entered the United States. [Rec. Doc. 41, pp. 11-12]. A special condition of supervised release was that Hernandez not reenter the United States illegally. [Rec. Doc. 41, p. 11]. Hernandez was advised of his rights to appeal, including his right to appointed counsel for appeal if he was unable to afford the services of an attorney. [Rec. Doc. 41, p. 12]. Judgment was entered January 4, 2011. [Rec. Doc. 28]. It became final on January 18, 2011 when the time for filing a notice of appeal expired.

Hernandez timely filed this motion to vacate, set aside or correct his sentence. [Rec. Doc. 33]. He completed his sentence and on February 14, 2014 he was deported. However, since the defendant's supervised release sentence was suspended, rather than terminated by virtue of his deportation, the possibility of collateral consequences require the court to consider this motion as "the district

court may have the authority to modify the conditions of supervised release under 18 U.S.C. §3583(e)(2), or the authority to terminate obligations of supervised release, after the expiration of one year of supervised release under §3583(e)(1)." See *United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006); *United States v. Boston* 419 Fed. App'x. 505, 506 (5th Cir. 2011).[1] Therefore, while the motion is moot as to the time spent in incarceration, the motion is not moot as to the supervised release component of the sentence because the defendant does seek a remedy the court can grant.

***Issues Presented:***

Hernandez seeks to set aside, or correct his sentence on the basis that his counsel was ineffective in failing to object to an illegal sentence which exceeded the statutory maximum sentence for illegal re-entry after deportation provided in 8 U.S.C. §1326(a). [Rec. Doc. 33 p. 5]. He also contends his counsel was ineffective by not filing and perfecting an appeal on his behalf after he requested an appeal be lodged. [Rec. Doc. 33, p. 4].

***Applicable Law and Discussion***

The Sixth Amendment guarantees criminal defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them." *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001). This right "is denied when

---

[1] *Cf. United States v. Rosenbaum-Alanis* 483 F.3d 381 (5th Cir. 2007).

a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). To prevail on an ineffective assistance of counsel claim, a petitioner must establish two things: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).  Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland*, 466 U.S. at 689-94.  In short, if the petitioner fails to make a sufficient showing as to one prong of the *Strickland* test, the other need not be considered and the two parts need not be analyzed in any particular order. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997); *Bryant v. Scott* 28 F.3d 1411, 1415 (5th Cir. 1994); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984);  *Goodwin v. Johnson*, 132 F.3d 162, 172 n. 6 (5th Cir. 1998).

With regard to the first prong, the burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688.  The court's scrutiny shall be "highly deferential" and

the court must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689-90. See also *Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir. 1985). A *habeas* court must be careful not to second-guess legitimate strategic choices made by defense counsel which under the light of hindsight seem ill-advised and unreasonable. *Sawyer v. Butler*, 848 F. 2d 582, 587-88 (5th Cir. 1988).

With regard to the second prong, "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish prejudice, it must be established that counsel's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *United States v. Saenz-Forero*, 27 f.3d 1016, 1019 (5th Cir. 1994); *Murray v. Maggio* 736 F.2d at 282; *Carter v. Johnson*, 110 F.3d 1098, 1110 (5th Cir. 1997). As the *Strickland* court explained:

> [A]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. Cf. *United States v. Morrison*, 449 U.S. 361, 364-65 (1981).

*Strickland*, supra, at pages 691, 694-95; see also *Taylor v. Maggio*, 727 F.2d 241 (5th Cir. 1984); *United States v. Diaz*, 733 F. 2d 371 (5th Cir. 1984).

***The Alleged Illegal Sentence:***

Hernandez argues that his counsel was ineffective in failing to object to "an illegal sentence" because it exceeded the statutory maximum sentence of two years for illegal re-entry after deportation under 8 U.S.C. §1326(a).  The argument assumes, improperly, that the court could not/should not have considered Hernandez's stipulated prior felony conviction and the enhancement provisions of 8 U.S.C. §1326(b)(2) which provides for a maximum sentence of twenty (20) years if the prior removal was after the commission of an aggravated felony.

Hernandez stipulated he was convicted in California in 1992 and sentenced to two (2) years for possession of a controlled substance for sale.  The record of that conviction was admitted as part of the plea proceeding. A conviction for illicit trafficking in a controlled substance, as that term is defined under 21 U.S.C. §802, constitutes an "aggravated felony" as defined in 8 U.S.C. §1101(43)(B).  Under U.S.S.G. 2L1.2, if the defendant committed a "drug trafficking offense" for which the sentence imposed exceeded 13 months, a 16 level enhancement applies. That term is defined in the guideline as an "offense under federal, state, or local law that prohibits the. . . distribution or dispensing of a controlled substance. . ." Hernandez received the appropriate enhancement and the sentence given was within the guideline range, as argued by counsel, and is presumptively reasonable.

Any objection to the sentence as illegal would have been frivolous. This Court finds that the performance of defense counsel did not fall below an objective standard of reasonableness and this ground is meritless.

### The Alleged Failure to Appeal:

Hernandez argues that his former counsel failed to file a requested appeal on his behalf. The law is clear that, if a defendant does request that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance, entitling the defendant to an out-of-time appeal. *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Such failure, if the defendant can demonstrate by a preponderance of the evidence that he actually requested an appeal, would allow for a presumption of prejudice. *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007).

Where a defendant alleges in a §2255 motion that counsel failed to follow his instructions to appeal, the district court must hold an evidentiary hearing to determine whether the request was made. See, e.g., *United States v. Taylor*, 270 F. App'x 363, 366 (5th Cir.2008); *United States v. Alvarez*, 172 F. App'x 587, 589 (5th Cir.2006); *United States v. Thomas*, 216 F.3d 1080, 2000 WL 729135 (5th Cir.2000). This holds true whether or not counsel denies a defendant's allegations that he had requested counsel to pursue an appeal. See *United States v. Valdez*, 392 F. App'x 274, 275 (5th Cir.2010). However, although an evidentiary hearing

was scheduled by this Court, the defendant has since been deported and he is not available to testify.

The §2255 motion includes only the petitioner's signed declaration "under penalty of perjury" that he "requested his counsel to file an appeal" and was prejudiced by her failure to do so. [Rec. Doc. 33, pp. 4, 13]. The government has declared that it "has not obtained any information from defense counsel that supports defendant's claim that he requested an appeal." [Rec. Doc. 40-1, p. 17]. This Court reviewed the entire record to determine whether Hernandez's allegation of ineffective assistance for failure to appeal offers any detail beyond the bald conclusory allegation in the §2255 motion. It does not.

Since Hernandez has alleged that his counsel committed error in representing him, he has effectively waived the attorney-client privilege as to that representation. This Court therefore issued an Order authorizing Hernandez's former counsel to disclose information and discussions she had with the defendant regarding the claim of failure to appeal. [Rec. Doc. 45] In response, defense counsel submitted an affidavit [Rec. Doc. 46] in which she attested that following the sentencing hearing, she discussed with her client his right to appeal his sentence. She declared that "Mr. Hernandez indicated that he did not wish to appeal." [Rec. Doc. 46, p. 1]. On that representation by the defendant, counsel followed the usual procedure in the office of the Federal Public Defender for the

Western District of Louisiana to email the office case manager with instructions to close Hernandez's file, confirming that the defendant did not wish to appeal. Per defense counsel, "[i]f an appeal had been requested," her practice would have been to notify the case manager so that an appeal file and transcript order could be prepared. [Rec. Doc. 46, p. 1-2] No such action was taken by the case manager in this case.

Therefore, it is the finding of the undersigned that the defendant has not demonstrated by a preponderance of the evidence that he requested an appeal, so as to allow for a presumption of prejudice and an out-of-time appeal.

### *Recommendation*

For the foregoing reasons it is recommended that the petitioner's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. §2255 [Rec. Doc. 33] be **DENIED** and **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See* <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Lafayette, Louisiana, this 29th day of May, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge